1   **WO**

2

3

4

5

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

8

9   Millie Shaw,                                No. CV-19-08238-PCT-DLR

10              Plaintiff,                      **ORDER**

11  v.

12  Office of Navajo and Hopi Indian
    Relocation,

13
                Defendant.

14

15

16          Pending before the Court is Plaintiff Millie Shaw's motion for attorney fees under

17  the Equal Access to Justice Act ("EAJA"), which is fully briefed.  (Docs. 32, 41, 47.)  The

18  Court denies the motion.

19          Ms. Shaw filed this suit in August 2019 after Defendant Office of Navajo and Hopi

20  Indian Relocation ("ONHIR") and an Independent Hearing Officer ("IHO") denied her

21  relocation benefits.  (Doc. 1.)  This Court affirmed the IHO's decision, and Ms. Shaw

22  appealed to the Ninth Circuit Court of Appeals, where a divided panel reversed with

23  instructions to direct ONHIR to grant benefits.  (Doc. 29-1.)

24          Under the Equal Access to Justice Act ("EAJA"), the Court shall award reasonable

25  attorney fees to a party prevailing against the United States in civil actions, unless the

26  United States' position is found to have been "substantially justified" or "special

27  circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The EAJA "must be

28  strictly construed in favor of the United States."  *Ardestani v. INS*, 502 U.S. 129, 137

(1991).  It is the Government's burden to demonstrate that its position was substantially justified, but "the government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). Here, even if Ms. Shaw were the real party in interest in this case, which is disputed and the Court declines to decide, an award of fees to Ms. Shaw is nevertheless inappropriate because ONHIR's position was substantially justified.  "While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990).

Here, the issue that plagued this litigation throughout is whether Ms. Shaw proved she used Hopi Partition Lands ("HPL") for traditional activities during the qualifying period. (Doc. 29-1.)  Historically, this has meant "continuous use of the *entire* [traditional, customary use] area."  *Begay v. Off. of Navajo & Hopi Indian Relocation*, 305 F. Supp. 3d 1040, 1048 (D. Ariz. 2018), aff'd, 770 F. App'x 801 (9th Cir. 2019).  The Government argued that Ms. Shaw did not and provided evidence that she did not live on HPL during the summer, discontinued any traditional use activities after dropping out of high school, and did not participate in certain traditional use activities during the winter.  (Doc. 19.) Ms. Shaw presented testimony that she participated in traditional use activities at some times during the year.  (Doc. 11 at 187-191.)  The IHO found this insufficient to meet her burden of proof, this Court affirmed, and the Court of Appeals for the Ninth Circuit reversed in a divided panel, with the dissenting opinion citing the "continuous use" requirement.

Out of four Article III judges to have reviewed this matter, half sided with the Government and half sided with Ms. Shaw.  Because this issue clearly is subject to reasonable debate, the Court finds the Government's position was substantially justified. Accordingly,

/ / /

/ / /

**IT IS ORDERED** that Plaintiff's motion for attorney fees (Doc. 32) is **DENIED**.

Dated this 3rd day of June, 2022.

Douglas L. Rayes
United States District Judge